IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,  )
      Plaintiff,  )
      )
      )
v.  )  Civil Action No. 11-0002
      )
CRAIG S. ZOTTER,  )
      Defendant.  )
      )

MEMORANDUM

Gary L. Lancaster,                            May 9, 2011
Chief Judge.

      This is a breach of contract action to collect unpaid student loans. The United States of America filed a complaint on January 3, 2011. On March 14, 2011, with Zotter having failed to file a responsive pleading, the government asked the Clerk of Court to enter default and default judgment for a sum certain against Zotter in the amount of $127,199.85 [doc. nos. 6 & 7]. On the same day that the Clerk entered default judgment against him, Zotter filed a motion to dismiss [doc. no. 8]. He then filed a motion to set aside the Clerk's entry of default and default judgment [doc. no. 10]. In both filings, Zotter raised the defense of insufficient service of process.

      Zotter acknowledges that a person came to his residence at 401 Ridge Avenue in Pittsburgh, Pennsylvania at 10:00 in the evening on February 15, 2011 in an attempt to serve him. Zotter contends that he did not answer the door, but that

another person did and told the process server that he was not Craig Zotter. According to Zotter the process server then left the residence, taking the papers to be served with her. However, the next morning, another person living in the house discovered the summons placed between the front door and storm door of the house. The Affidavit of Service filed in this case indicates that Tonya Weimer personally handed a copy of the complaint and summons to Zotter himself at the 401 Ridge Avenue residence on February 15, 2011 [doc. no. 3]. Apart from contradicting Zotter's recitation of the facts, there are several irregularities on the face of the Affidavit.

First, the court in which this case is pending is identified as "THE DISTRICT COURT OF ALLEGHENY COUNTY PENNSYLVANIA." That is, of course, not the name of this court. Second, the Affidavit states not that Zotter was actually served, but that "I attempted to serve CRAIG S. ZOTTER." This statement contradicts the Affidavit's identification of the method of service as "handing a copy to the Defendant(s)".

Third, the Affidavit describes Zotter as a 56 to 60 year old male with grey hair. It is possible that in 1995 to 1998, when the student loans were disbursed, Zotter was in his forties, making him a man in his late fifties now. However, the government never contends in its briefing that Zotter himself was served, in direct conflict with the Affidavit. Instead, the

government argues that service was valid because the "person served" is identified by "physical description." While it is possible to effectuate service at a defendant's home by leaving a copy of the papers with an adult resident, the Affidavit asserts that the method of service was personal service on Zotter, not service on a resident of Zotter's home. Fed. R. Civ. P. 4(e)(2)(B). Given the other irregularities in the Affidavit and Zotter's contention that he was not the one who answered the door on February 15th, the physical description of the defendant in the Affidavit raises concerns.

In response to Zotter's challenge to the proof of service, the government states only that "the Affidavit of Service is proper on its face and identifies the person served by a physical description" [doc. no. 13 at 3]. The party asserting the validity of service bears the burden of proof on that issue. Grand Entertainment Group, Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 488 (3d Cir. 1993) (citing Charles A. Wright and Arthur R. Miller, 4A Federal Practice and Procedure, § 1083 (3rd ed.)). The Affidavit of Service contains irregularities on its face, and contradicts Zotter's factual summary. The government has failed to address any of these discrepancies, either by attaching sworn testimony from Ms. Weimer to its briefing, or by seeking permission from the court to amend the Affidavit of Service. Fed. R. Civ. P. 4(l)(3).

Therefore, we find that the government has failed to satisfy its burden to prove that service in this case was proper.

A default judgment entered when there has been no proper service of the complaint is improper and void, and will be set aside on that basis alone. Fed. R. Civ. P. 55(c), 60(b)(4); Petrucelli v. Bohringer and Ratzinger, GMBH, 46 F.3d 1298, 1303-04 (3d Cir. 1995) (citing Gold Kist, Inc. v. Laurinburg Oil Comp., Inc., 756 F.2d 14, 18-19 (3d Cir. 1985)). As such, we need not address the other arguments made by Zotter in his motion to vacate. See Gold Kist, 756 F.2d at 19.

We also need not reach the merits of Zotter's motion to dismiss. As service was never properly made, Zotter had no duty to file a responsive pleading. We will order that service be made within a specified time by the government in accordance with Federal Rule of Civil Procedure 4(m). Once properly served, Zotter will be able to file a responsive pleading in whatever format he now deems appropriate.

An appropriate order will be filed contemporaneously with this memorandum.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>CRAIG S. ZOTTER,<br>Defendant. | Civil Action No. 11-0002 |

ORDER

AND NOW, this 9 day of May, 2011, it is HEREBY ORDERED that Zotter's motion to set aside the Clerk's entry of default and default judgment [doc. no. 10] is GRANTED and that the Clerk is directed to reopen this case;

It is FURTHER ORDERED that Zotter's motion to dismiss [doc. no. 8] is DENIED AS MOOT; and

It is FURTHER ORDERED that The United States of America is directed to serve Zotter within twenty (20) days of the entry of this Order on the court's docket.

BY THE COURT

_____, C.J.

cc: All Counsel of Record