IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA, )
    Plaintiff, )
     )
v. ) Civil Action No. 11-0002
     )
CRAIG S. ZOTTER, )
    Defendant. )

## MEMORANDUM

Gary L. Lancaster,                    July 13, 2011
Chief Judge.

    This is a breach of contract action to collect more than $125,000.00 in unpaid student loan debt. The United States of America filed a complaint against Craig S. Zotter on January 3, 2011. In an opinion issued on May 9, 2011, we concluded that Zotter had never been properly served and ordered the government to serve Zotter within twenty (20) days [doc. no. 14]. Zotter has filed a motion to dismiss alleging that he has still not been served [doc. no. 15]. The government acknowledges that it did not serve Zotter by the May 31, 2011 deadline, but contends that it was unable to do so because Zotter is evading service. [doc. no. 19 at 6].

    Because there is no dispute that Zotter has yet to be served, and because more than 120 days have passed since the government filed its complaint, in ruling on Zotter's motion to dismiss we are actually deciding whether to "order that service

be made within a specified time" in accordance with Federal Rule of Civil Procedure 4(m). To do so we must first determine whether good cause exists for the failure to have effectuated service in a timely manner. If so, then we must grant the extension. McCurdy v. Am. Bd. of Plastic Surgery, 157 F.3d 191, 196 (3d Cir. 1998); Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1305 (3d Cir. 1995). If not, we must still consider whether a discretionary extension is appropriate. MCI Telecommunications Corp. v. Teleconcepts, Inc., 71 F.3d 1086, 1098 (3d Cir. 1995). In deciding whether good cause exists, we are to consider three factors: "(1) reasonableness of plaintiff's efforts to serve[;] (2) prejudice to the defendant by lack of timely service[;] and (3) whether plaintiff moved for an enlargement of time." Id. at 1097. We find that the government is not entitled to an extension for good cause, but we will grant the government a discretionary extension of time because Zotter is evading service.

The government has failed to recognize or address the three good cause factors set forth above. Upon our independent consideration of those factors, we conclude that good cause does not exist in this case. Although the government attempted service, both in February of 2011 and in May of 2011, we do not consider its efforts to be particularly reasonable. The government has done no more than visit Zotter's home on a few

2

occasions, leaving each time when a knock on the door was either not answered, or answered by someone other than Zotter himself. Service at a defendant's home is, of course, not the only method of service permitted under the Federal Rules of Civil Procedure. FED. R. CIV. P. 4(e). In addition, the government could effectuate service under Pennsylvania state law. Pa.R.C.P. No. 400(a) and 402. That the government prefers not to use such methods is immaterial under the circumstances. As such, the first factor weighs against a finding of good cause.

The second factor weighs in favor of finding good cause because Zotter is not prejudiced by the lack of service. There is no dispute that he has had actual notice of the claims against him since at least March of 2011. Boley v. Kaymark, 123 F.3d 756, 759 (3d Cir. 1997) (collecting cases).

However, there is also no dispute that the government did not request an additional extension of time before the deadline set forth in our May 9, 2011 order passed, even though its last attempt at service occurred ten days prior. A prudent attorney exercising reasonable care and diligence would have notified this court of its belief that Zotter was evading service and its resulting inability to comply with the deadline set forth in the May 9, 2011 order. Instead the government allowed the deadline to pass. Therefore, the final factor weighs against a finding of good cause. Under these facts, we

3

find that the government has failed to demonstrate good cause for its failure to have served Zotter.

However, we will, in the exercise of our discretion, grant the government a further extension of time in which to serve Zotter because he is evading service. Petrucelli, 46 F.3d at 1305-06 & n.7. If he were not, there would be no reason for the door of his home not to be answered when people are seen in the window, lights are on, and cars are in the garage. We find such conduct to be particularly egregious, and potentially actionably unethical, given that Zotter is a licensed Pennsylvania attorney.

Nevertheless, we reiterate that service at a defendant's home is not the only method of service available to the government. Zotter, a practicing attorney, has an office in downtown Pittsburgh. He presumably maintains office hours in order to service his clients, and makes court appearances on their behalf. With some measure of effort, the government should be able to locate him in order to effectuate personal service upon him. FED. R. CIV. P. 4(e)(2)(A). If not, the government can make service through the Sheriff at Zotter's place of business. Pa.R.C.P. No. 402(a)(2)(iii). Notably, because Zotter has refused to waive service, despite two requests, all expenses incurred in connection with effectuating service, including related attorney's fees, will be imposed on

Zotter. FED. R. CIV. P. 4(d)(2). As such, Zotter's continued evasion of service, to include refusing to simply answer the door to his home, or directing other family members to do so, does no more than delay resolution of this case on its merits and cost Zotter himself money.

The government is cautioned that its efforts to serve Zotter must go beyond those methods undertaken to date. Should Zotter continue to evade service, the government is to promptly so notify this court, and provide detailed evidence of its efforts to serve Zotter. Should the government be unable to secure service within the time allotted, the government is to notify the court in advance of the expiration of the extended service period. Failure to do so will result in dismissal of this action.

An appropriate order will be filed contemporaneously with this memorandum.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br><br>　v.<br><br>CRAIG S. ZOTTER,<br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 11-0002<br>)<br>)<br>)<br>) |

## ORDER

AND NOW, this 13 day of July, 2011, it is HEREBY ORDERED that Zotter's motion to dismiss [doc. no. 15] is DENIED; and

It is FURTHER ORDERED that The United States of America is directed to serve Zotter within forty-five (45) days of the entry of this Order on the court's docket.

BY THE COURT,

_____, C.J.

cc: All Counsel of Record