IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 11-0002 |
| | ) | |
| CRAIG S. ZOTTER, | ) | |
| Defendant. | ) | |
| | ) | |

MEMORANDUM

Gary L. Lancaster,                         November 17, 2011
Chief Judge.

       This is a breach of contract action to collect more than $125,000.00 in unpaid student loan debt. The United States of America filed a complaint against Craig S. Zotter on January 3, 2011. After several failed attempts at serving Zotter, and motions practice related to the same, Zotter was finally served on July 27, 2011, making his answer due on August 17, 2011. [doc. nos. 14, 20]. The United States agreed to extend that deadline three times. [doc. nos. 22, 23, and 25]. However, instead of filing an answer by the thrice extended November 12, 2011 deadline, Zotter filed a motion to dismiss. [doc. no. 27]. Although Zotter is proceeding pro se he is a licensed attorney with an active law practice in downtown Pittsburgh, Pennsylvania.

Zotter contends that the United States' complaint should be dismissed because it fails to state a claim. [doc. no. 27]. Specifically, Zotter argues that the United States has not properly pled the elements of a breach of contract claim, and has not alleged sufficient facts to support the same. [Id.]. According to the United States, it has met the pleading standards set forth by the Federal Rules of Civil Procedure. We agree with the United States, and deny the motion to dismiss.

In considering a Rule 12(b)(6) motion, we must be mindful that federal courts require notice pleading, as opposed to the heightened standard of fact pleading. Federal Rule of Civil Procedure 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds on which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). As such, Zotter's citation to Pennsylvania procedural rules and legal precedent regarding demurrers is inconsequential.

In federal court, to survive a motion to dismiss, a plaintiff must allege sufficient facts that, if accepted as true, state "a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570)). A claim has facial plausibility when a

2

plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant may be liable for the claim alleged. Iqbal, 129 S.Ct. at 1949. It is on this standard that we evaluate the United States' complaint.

We find that the complaint adequately states a breach of contract claim. It alleges the existence of a loan agreement, breach of the duty to pay, and the amount of damages. In fact, through the attached certificates of indebtedness, the complaint includes specific details regarding what bank made the loans, when the loans were disbursed, the amount of each disbursement, the interest rate, the date of Zotter's default, payment by the guaranty agency, the guarantor's inability to collect the debt, and its subsequent assignment of its right and title to the loan to the U.S. Department of Education, which is the party that has filed the complaint. [doc. no. 1]. The United States has satisfied the pleading requirements of federal law.

Zotter's arguments that the United States has failed to plead sufficient facts regarding the breach of contract claim border on frivolous. Moreover, Zotter cannot credibly argue that he has no notice of the contract under which he is being sued, or the circumstances under which he is accused of being in breach. The complaint accuses Zotter of taking out loans to finance his education between 1995 and 1998 and failing to repay

3

them. Zotter will have the opportunity to prove these accusations to be false as the case proceeds. However, the case has been sufficiently pled and dismissal is not warranted.

An appropriate order will be filed contemporaneously with this memorandum.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>CRAIG S. ZOTTER,<br>Defendant. | Civil Action No. 11-0002 |

ORDER

AND NOW, this 17th day of November, 2011, it is HEREBY ORDERED that Zotter's motion to dismiss [doc. no. 27] is DENIED. Zotter must serve his responsive pleading within fourteen (14) days of entry of this order on the court's docket. FED. R. CIV. P. 12(a)(4)(a).

BY THE COURT,

_____, C.J.

cc: All Counsel of Record